**McCUNN EQUIPMENT COMPANY, INC., Petitioner–Appellee,**

v.

**EMPLOYMENT APPEAL BOARD and Danny D. Brawe, Respondents–Appellants.**

**No. 89–902.**

Court of Appeals of Iowa.

Dec. 21, 1989.

William C. Whitten, Employment Appeal Bd., Des Moines, for respondents-appellants.

Joseph A. Quinn of Nyemaster, Goode, McLaughlin, Voights, West, Hansell & O'Brien, P.C., Des Moines, for petitioner-appellee.

Heard by OXBERGER, C.J., and DONIELSON and SACKETT, JJ.

SACKETT, Judge.

Respondents-appellants Danny D. Brawe and the Employment Appeal Board appeal a district court decision reversing a ruling by the Board. Respondents contend the district court erred in finding the Board's decision was affected by error of law and unsupported by substantial evidence. We

reverse the district court decision and affirm the agency action.

Brawe was originally employed as the parts manager for petitioner-appellee McCunn Equipment Company. Due to pressure from John Deere, he was also made service manager. He was still expected to fulfill all of his duties in the parts department, however, which caused tension within the company. Brawe underwent substance abuse treatment in 1987, during which he expressed feelings of stress due to being forced to work two separate jobs at once.

When he returned to work, Brawe met with his supervisor to discuss the demands of his job. They agreed he would be given a written job description to help eliminate confusion caused by the two separate positions and the often contradictory orders he was receiving from two different supervisors. Brawe never received such a description. Though he made several attempts to resolve continuing problems with his employer, tensions continued to mount. In April 1988 Brawe voluntarily quit his job after being reprimanded for his job performance.

Brawe sought unemployment benefits. A Job Service representative denied him benefits, finding he had voluntarily quit without good cause attributable to the employer. After an administrative hearing, a hearing officer affirmed the earlier decision. The hearing officer found Brawe had quit because of a personality conflict with one of his supervisors.

Brawe appealed to the Employment Appeal Board, which reversed the decision of the hearing officer. The Board determined Brawe had voluntarily quit with good cause attributable to the employer. The Board found Brawe was required to perform two jobs and was continually criticized for not doing either satisfactorily. Two different supervisors gave Brawe directions that were often contradictory. The Board concluded Brawe suffered intolerable and detrimental working conditions that caused him to quit his employment.

Petitioner filed a petition for judicial review, and the district court reversed the Board's decision. The court held the Board misinterpreted the meaning of "intolerable working conditions" as used in the Iowa Administrative Code, and thus its decision was affected by error of law. The court also stated that a personality conflict should not be considered good cause. The court concluded there was not substantial evidence in the record to support the Board's finding that Brawe quit due to intolerable and detrimental work conditions.

Appellants first contend the district court erred in finding the Board's decision was not supported by substantial evidence. They claim there is sufficient evidence in the record to support a finding that Brawe quit his job with good cause attributable to his employer. Petitioner contends the reasons given by Brawe for quitting do not constitute good cause.

■ Brawe cites many reasons for his decision to quit. Appellants concede, and we agree, that none of these reasons alone would amount to good cause. Our supreme court, however, has indicated an agency may consider that all the reasons combined may constitute good cause for an employee to quit, if the reasons are attributable to the employer. *See Taylor v. Iowa Dep't of Job Serv.*, 362 N.W.2d 534, 540–41 (Iowa 1985). We find there is substantial evidence in the record to support the decision of the Appeal Board. The district court erred in holding otherwise.

■ Appellants also contend the district court erred in finding the Board's decision was affected by error of law. The district court found the Board incorrectly applied the Iowa Administrative Code. We find the Appeal Board's decision was properly made under the dictates of the Administrative Code and *Taylor*, 362 N.W.2d at 538–41, and thus was not affected by error of law.

The decision of the district court is reversed. The Employment Appeal Board's decision is affirmed.

REVERSED.